UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EDWARD LEE HILTON,

    Plaintiff,

v.

CITY OF FLINT, et al,

    Defendants.

Case No. 2:20-CV-10571
Honorable Laurie J. Michelson

# OPINION AND ORDER DENYING PLAINTIFF'S APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES OR COSTS [2] AND DISMISSING THE COMPLAINT WITHOUT PREJUDICE [1]

Michigan prisoner Edward Lee Hilton has filed a pro se civil rights complaint pursuant to 42 U.S.C. § 1983. (ECF No. 1.) He seeks to proceed without prepayment of the filing fee. *See* (ECF No. 2); 28 U.S.C. § 1915(a)(1). His complaint concerns a state court civil forfeiture of $2,211.00 that occurred in 2000. Having reviewed the matter, the Court denies the application to proceed without prepayment of fees or costs and dismisses the civil rights complaint without prejudice pursuant to 28 U.S.C. § 1915(g).

Under the Prison Litigation Reform Act of 1996 ("PLRA"), a prisoner may be precluded from proceeding without prepayment of the filing fee in a civil action under certain circumstances. The statute provides, in relevant part:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section, if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). In short, the "three strikes" provision requires the Court to dismiss a civil case when a prisoner seeks to proceed without prepayment of the filing fee if, on three or more previous occasions, a federal court has dismissed the prisoner's action because it was frivolous, malicious, or failed to state a claim upon which relief may be granted. *Id.*; *see also Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (holding that "the proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed in forma pauperis pursuant to the provisions of § 1915(g)"); *Gresham v. Meden*, 938 F.3d 847, 851 (6th Cir. 2019) (affirming dismissal without prejudice pursuant to § 1915(g)).

Hilton is a prolific litigator in federal court. The Court's records reveal that he has filed at least three prior civil actions which have been dismissed as frivolous and/or for failure to state a claim upon which relief may be granted. *See Hilton v. Gleason*, No. 17-10513 (E.D. Mich. filed Feb. 16, 2017); *Hilton v. Scott*, No. 16-14384 (E.D. Mich. filed Dec. 15, 2016); *Hilton v. Pickell*, No. 2:16-10771, 2016 WL 1055125 (E.D. Mich. Mar. 16, 2016). Hilton also is already on notice that he is a three-striker since he had at least one case dismissed pursuant to 28 U.S.C. § 1915(g). *See, e.g.*, *Hilton v. Fullerton*, No. 17-11961 (E.D. Mich. filed Jun. 9, 2017).

Consequently, Hilton is a "three-striker" who cannot proceed without prepayment of the filing fee unless he can demonstrate that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). To fall within this statutory exception, a prisoner must allege that the threat or prison condition is "real and proximate" and the danger of serious physical injury must exist at the time the complaint is filed. *See Rittner v. Kinder*, 290 F. App'x 796, 797–98 (6th Cir. 2008) (internal citations omitted). Plaintiff makes no allegations which would bring him within the exception to the three strikes rule. Consequently, he is not allowed to proceed without prepayment of the filing fee for this action.

Because Hilton has filed at least three previous lawsuits which have been dismissed as frivolous and/or for failure to state a claim upon which relief may be granted and he fails to establish that he is under imminent danger of serious physical injury, the Court **DENIES** the application to proceed without prepayment of fees or costs (ECF No. 2) and **DISMISSES** the civil rights complaint (ECF No. 1) pursuant to 28 U.S.C. § 1915(g). This dismissal is without prejudice to the filing of a new complaint with full payment of the filing fee ($350.00) and the administrative fee ($50.00).

Lastly, the Court concludes that it has properly applied the "three strikes" provision of 28 U.S.C. § 1915(g) such that an appeal from this order would be frivolous and cannot be taken in good faith. *See* 28 U.S.C. § 1915(a)(3).

**SO ORDERED**.

Dated: March 20, 2020

s/Laurie J. Michelson
LAURIE J. MICHELSON
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing document was served on the attorneys and/or parties of record by electronic means or U.S. Mail on March 20, 2020.

s/Erica Karhoff
Case Manager to the
Honorable Laurie J. Michelson